

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOAQUIN SALINAS, 1539883,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | )<br>)<br>)<br>)   No. 3:10-CV-2492-O<br>)<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

### II. Background

Petitioner challenges his conviction for aggravated robbery. *State of Texas v. Joaquin Salinas*, No. F-0857325-S (282nd Dist. Ct., Dallas County, Tex., Oct. 31, 2008). Petitioner was sentenced to fifteen years imprisonment. He did not file an appeal.

On May 19, 2010, Petitioner filed a state habeas petition. *Ex parte Salinas*, Application No. 74,464-01. On September 8, 2010, the Court of Criminal Appeals denied the petition

without written order on the findings of the trial court.

On September 28, 2010, Petitioner filed this federal petition for habeas relief. Petitioner argues:

1. He was not read his *Miranda* rights;

2. There was no evidence, or the evidence was insufficient, to support the conviction;

3. Hearsay evidence was unlawfully used to obtain his conviction;

4. The state habeas court failed to follow proper procedures;

5. Petitioner agreed to plead guilty to robbery, but was instead convicted of aggravated robbery.

On June 28, 2011, Respondent filed his answer. Petitioner did not file a response. The Court now finds the petition should be dismissed as time-barred.[1]

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

---

[1] Respondent argues that some of Petitioner's claims are unexhausted and procedurally barred. The Court finds that Petitioner's claims are time-barred, it therefore does not address exhaustion or procedural bar.

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2]

Petitioner was convicted on October 31, 2008. He did not appeal his conviction. His conviction therefore became final thirty days later on December 1, 2008.[3] *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until December 1, 2009, to file his federal petition.

---

[2]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[3]Thirty days from October 31, 2008, was Sunday, November 30, 2008. The time for filing was automatically extended to Monday, December 1, 2008. *See* Tex. R. App. P. 4.1.

**Findings, Conclusions and Recommendation of the United States Magistrate Judge**     Page -3-

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On May 19, 2010, Petitioner filed a state habeas petition. This petition did not toll the limitations period, however, because the AEDPA limitations period had already expired.

Petitioner was required to file his federal habeas petition by December 1, 2009. He did not file his petition until September 28, 2010. His claims are therefore untimely.

B.  **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 2 day of November, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).