IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAQUIN SALINAS, | § § § § § | |
| Petitioner, | § § | |
| v. | § § § | Civil Action No. 3:10-cv-2492-O |
| RICK THALER, Director, Texas Dept. of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § § | |

**ORDER**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case (ECF No. 12). Petitioner filed a response, which the Court construes as his objections (ECF No. 13). The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Accordingly, Petitioner's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court.

Specifically, Petitioner objects to the Magistrate Judge's finding that his claims are time-barred by § 2244 and raises a tolling argument for the first time in his objections. *See* Objections 1, ECF No. 13. Petitioner alleges that he "was prevented from seeking direct review and post conviction relief in state court, and prevented from seeking federal habeas relief due to inadequate library facilities . . . [which] constituted a 'state created impediment,' thereby tolling the

[Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] limitations period." *Id.* at 4. Petitioner alleges that his placement in "K Housing" prevented him from using the law library, that he was often denied access to the library because of the small size of the room, and received no books that he requested from other prison libraries. *Id.* at 3.[1] Petitioner argues that these actions constitute a "state created impediment" under § 2244(d)(1)(B)[2] and thus the AEDPA limitations period should be tolled.

The Court finds Petitioner's argument unpersuasive. First, his contentions that "the library was inadequate because it lacked the federal materials necessary for him to pursue habeas relief" is vague. To prevail, Petitioner must allege more than the inadequacy of the law library—the inmate must demonstrate that the alleged shortcomings hindered his efforts to pursue a legal claim. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (finding prisoner failed to allege sufficient facts to show that he was prevented from timely filing for habeas); *Eversole v. Thaler*, No. 3:11-cv-1478-M, 2013 WL 1092852, at *1 (N.D. Tex. Mar. 15, 2013) (citing *Krause*, 637 F.3d at 561–62). Petitioner does not specify what federal materials would be necessary for him to pursue this relief and also fails to allege the causal link between the alleged inadequate library and his inability to file a timely federal petition.

Second, the Court finds that these actions do not constitute a state created impediment that warrants tolling under § 2244(d)(1)(B). Petitioner does not explicitly cite to the Fifth Circuit's

---

[1] The Court notes that Petitioner's "Factual and Procedural BackGround" section is almost identical to the language in the Fifth Circuit case, *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003), although the dates and facilities seem to be changed to reflect Petitioner's circumstances.

[2] Petitioner's objection cites to § 2254(d)(1)(B) even though this section does not actually exist in the code. Accordingly, the Court assumes that Petitioner is referring to § 2244(d)(1)(B).

*Egerton*, but he seems to implicitly rely on it by quoting similar language and alleging similar facts. Although the Fifth Circuit found tolling in that case based on an inadequate prison law library, courts have recently limited *Egerton* to its narrow set of facts. *See, e.g.*, *Lewis v. Quarterman*, No. 3:08-cv-1753-P, 2009 WL 1883424, at *3 (N.D. Tex. June 30, 2009) (distinguishing *Egerton* because he was convicted two months before the enactment of the AEDPA while Lewis's conviction was imposed more than eight years after the effective date of the AEDPA); *see also Eversole*, 2013 WL 1092852, at *1 (finding unawareness of the AEDPA statute of limitations because it was not "posted" in the law library insufficient to rise to a state created impediment); *Madison v. Scott*, No. 3:11-cv-243-CWR-FKB, 2011 WL 7561510, at *3 (S.D. Miss. Aug. 4, 2011), ("[T]he rule adopted in *Egerton* is 'extremely circumscribed' and inmates are attempting to expand its holding far beyond the narrow set of facts to which it applies."). The Court finds Petitioner's situation distinguishable and *Egerton* does not apply to toll the AEDPA statute of limitations; thus, Petitioner's petition is untimely.

Having conducted a *de novo* review of the objections raised by Petitioner, the Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Accordingly, Petitioner's petition shall be **DISMISSED** with prejudice as barred by the one-year limitation period of 28 U.S.C. § 2244(d)(1)(B).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would

find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[3]

In the event, the petitioner will file a notice of appeal, the court notes that

( **X** )   the petitioner will proceed *in forma pauperis* on appeal.

(   )   the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED** on this **11th day** of **April, 2013**.

                          Reed O'Connor
                          **UNITED STATES DISTRICT JUDGE**

---

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.